## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Randall L. Chapman

    v.

James S. Graninger
and Phyllis Graninger

August 28, 1985

By JUDGE JOHN A. JAMISON

It appears from the undisputed evidence that on January 30, 1985, Joyce H. Graninger, age 17½, and Randall Chapman, age 22, attempted to enter into a marriage contract in the District of Columbia by exchanging vows in front of the Washington Monument. They spent one night together in the District of Columbia and cohabited for two weeks after such time in Virginia. Both Randall and Joyce have testified that they intended and mutually agreed to have validly married each other at the time they exchanged vows.

On the same date, James S. Graninger, father of Joyce Graninger, swore out a warrant against Randall Chapman charging him with contributing to the delinquency of a minor. Since Joyce Graninger has returned to school, she has resided with her parents. Mr. Chapman contends that Joyce Graninger is being held against her will by her parents and, therefore, he has filed a petition for a writ of habeas corpus ad subjiciendum. However, Joyce Graninger's testimony indicated that she is living with her parents of her own free will. Although the legal remedy used here, habeas corpus, is appropriate, the court has no intention of forcing Joyce to leave her parents' home against her will.

In deciding upon the petition for habeas corpus, in reaching a conclusion, the court must analyze the validity of the attempted marriage. The District of Columbia does regularly recognize common-law marriages when

couples who are legally and physically capable of entering into a marriage relationship, express their present intent to be husband and wife, followed by good faith cohabitation. This must be shown by clear and convincing evidence.

The D. C. Statute, 30 D. C. Code 103 (1981 Ed), states that the age of consent in the District of Columbia is sixteen years for both males and females. In this case, both parties were over the age of consent under District of Columbia law, at the time of their marriage. All testimony indicated that they mutually agreed and did consummate their agreement. According to both the petitioner's brief and the amicus curiae memorandum, the parties did cohabitate for two weeks after their return from the District of Columbia. The court must conclude from all of the evidence that Randall Chapman and Joyce Graninger have entered into a valid common-law marriage under the laws of the District of Columbia.

It is well established that a marriage valid where consummated, is valid everywhere, unless polygamous, incestuous, or otherwise declared void by statute. Accordingly, the court holds that this marriage is recognized as a binding one in Virginia.

The petition for the habeas corpus ad subjiciendum filed herein on February 21, 1985, will be granted.